

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# Flores-Tola v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Flores-Tola v. Atty Gen USA" (2005). *2005 Decisions.* Paper 522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2968

_____

ARTURO PATRICIO FLORES-TOLA,
Petitioner

v.

ALBERTO GONZALES,* Attorney General of the United States;
USCIS DISTRICT DIRECTOR,
Respondents

_____

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A79-701-683

_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2005

_____

Before: SLOVITER, BARRY, and SMITH, <u>Circuit Judges</u>

_____

(Opinion Filed: September 20, 2005)

_____

OPINION

_____

_____

*Attorney General Alberto Gonzales has been substituted for former Attorney General
John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43(c).

BARRY, Circuit Judge

Arturo Flores-Tola was denied cancellation of removal on the ground that he could not demonstrate that his deportation would result in "exceptional and extremely unusual hardship" to his two children who are United States citizens. Because we do not have jurisdiction to review that determination, and because Flores-Tola's other contentions are unpersuasive, we will deny the petition for review.

## I. Background

Flores-Tola is a native and citizen of Ecuador. He arrived in the United States on December 24, 1988, and entered without inspection.[1] Since that time, he has worked as a jeweler, consistently filed federal tax returns, and has a clean record. He is the father of four, including two young children who were born in New Jersey, and although he is not married, he has continued his relationship with the mother of his two citizen-children.

On August 7, 2002, the former Immigration and Naturalization Service ("INS")[2] served Flores-Tola with a Notice to Appear, charging him with removability as an inadmissible alien present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Flores-Tola conceded removability, but filed an Application for Cancellation of Removal on December 12, 2002.

_____

[1] The precise date on which Flores-Tola entered this country is unclear. He listed December 24, 1988 as the date of entry on his Application for Cancellation of Removal, see A218, and we will use that date here.

[2] As of March 1, 2003, the INS ceased to exist, and its functions were transferred to the Department of Homeland Security. See 6 U.S.C. § 271 (2002).

On April 4, 2003, Flores-Tola testified at a hearing before an Immigration Judge ("IJ"), as did five witnesses on his behalf, including his eldest citizen-child. At the close of testimony, the IJ ruled that, while Flores-Tola had met the other provisions of the relevant statute, he had not made the requisite showing that his deportation would cause exceptional hardship to his citizen-children. The IJ, therefore, ordered him deported to Ecuador.

Flores-Tola appealed to the Board of Immigration Appeals ("BIA"), which affirmed without opinion on June 14, 2004. This timely petition for review followed. In the petition, Flores-Tola argues that (1) he has made a showing of exceptional hardship; (2) his due process rights were violated because the IJ denied him a full and fair hearing; and (3) the BIA abused its discretion by issuing an affirmance without opinion.

## II. Legal Analysis

We have jurisdiction to determine whether we have jurisdiction under 8 U.S.C. § 1252. See Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001). In undertaking that analysis, we can quickly dispose of Flores-Tola's first argument. Under 8 U.S.C. § 1229b(b), the Attorney General may cancel the removal of a nonpermanent resident alien if the alien meets four criteria, the last of which is proof of exceptional hardship to a citizen spouse, parent, or child if the alien is deported. The Attorney General's decision to do so is committed to his discretion, however, and we do not have jurisdiction to review a denial of such relief. See 8 U.S.C. § 1252(a)(2)(B)(i). We cannot, therefore,

consider Flores-Tola's contention that the IJ did not conduct "an examination of all the hardship factors." Pet. Br. at 10.

Nevertheless, we have jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Flores-Tola argues that his due process rights were violated because he was allegedly denied a full and fair hearing by the IJ. He claims that the IJ "was prepared to render his decision prior to receiving all witness testimony," and was thus predisposed to rule against his application. See Pet. Br. at 14.

It is undisputed that the Fifth Amendment's due process protections apply to aliens in removal proceedings. See, e.g., Reno v. Flores, 507 U.S. 292, 306 (1993), Sewak v. INS, 900 F.2d 667, 671 (3d Cir. 1990). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (internal citation omitted). Flores-Tola contends that the IJ's purported predisposition abrogated that right.

The record belies this contention. Flores-Tola's counsel informed the IJ that four of the five witnesses would testify to Flores-Tola's good moral character, and the IJ responded that there did not seem to be any dispute that Flores-Tola had satisfied that requirement. See A68-69. The IJ then said, however, "I don't want to be in the position where I'm saying you can't have somebody in here to testify, . . . [s]o that's why I'm leaving it up to you." A69. Flores-Tola's counsel proceeded to call all four character witnesses, and also called Flores-Tola's citizen-son. All five testified without

4

unnecessary interruption or constraint. As such, there is nothing in the record that shows that the IJ's conduct of the hearing was anything but fair and open, or that Flores-Tola did not receive the process he was due.

Flores-Tola's final argument is that the BIA inappropriately affirmed the IJ's decision without opinion, claiming that it is "unclear if all the evidence submitted was considered by the agency." Pet. Br. at 18. We have explicitly endorsed the streamlining regulations that allow the BIA to issue opinions in this form. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). And we have long held that the alien has the burden of proving that the BIA did not review the record when considering his or her appeal. See McLeod v. INS, 802 F.2d 89, 95 n.8 (3d Cir. 1986). Flores-Tola has not satisfied his burden of proof; indeed, he simply states that the BIA did not review the record in his case, and offers nothing in support of that bald assertion.

### III.  Conclusion

For the foregoing reasons, the petition for review will be denied.